IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA CYBER CHARTER SCHOOL, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 16-1790 ) |
| PENNSYLVANIA CYBER SCHOOL EDUCATION ASSOCIATION, PSEA/NEA, | ) ) ) ) |
| Defendant. | ) ) |

**ANSWER AND COUNTERCLAIM TO ENFORCE ARBITRATION AWARD**

AND NOW, comes the Defendant, the Pennsylvania Cyber School Education Association, PSEA/NEA (the "Association"), by and through its attorney, Leslie D. Kitsko, and files this Answer and Counterclaim to Enforce Arbitration Award in response to the Complaint filed by the Plaintiff, the Pennsylvania Cyber Charter School ("PA Cyber"). In support thereof, the Association avers as follows:

**PARTIES**

1. Admitted. By way of further response, PA Cyber is operating under a charter with a term of June 30, 2010 through June 30, 2015. PA Cyber's application for charter renewal is presently pending before the Pennsylvania Department of Education. (Compl., Ex. A, p. 3)

2. Admitted in part and denied as stated in part. While the Association is a local association that is affiliated with both the National Education Association and the Pennsylvania State Education Association ("PSEA"), it was not "chartered" by PSEA. PSEA's Midwestern

1

Region office, which serves as the business address of the Association, is located at 3033 New Butler Road, New Castle, Pennsylvania 16101.  All other averments are admitted.

## JURISDICTION AND VENUE

3.  Denied as stated.  This paragraph contains conclusions of law to which no response is required.  To the extent an additional response is required, the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 *et seq.* ("LMRA"), and not the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), governs the instant action.  Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1127 (3d Cir. 1969).  It is denied that PA Cyber has a valid cause of action.

4.  Denied as stated.  This paragraph contains conclusions of law to which no response is required.  To the extent an additional response is required, the LMRA, and not the FAA, governs the instant action.  Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1127.

5.  Denied as stated.  This paragraph contains conclusions of law to which no response is required.  To the extent an additional response is required, the Association admits that at all times relevant to this dispute, the Association's officers and agents represented Association members within this District.  All other inferences or characterizations are denied.

6.  Denied as stated.  This paragraph contains conclusions of law to which no response is required.  To the extent an additional response is required, the Association admits that the action was filed within thirty (30) days of the issuance of the Award by the Arbitrator and that Exhibit A is a true and correct copy of the Award.  All other inferences or characterizations are denied.

## BACKGROUND FACTS

7.  Admitted in part and denied in part.  Under the essence test standard of review, the Arbitrator serves as the final finder of fact.  United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 37-38 (1987) ("Because the parties have contracted to have disputes settled by

an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept."); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128 ("Under the common law the arbitrators are the final judges of both law and fact and their award will not be disturbed for a mistake of either."). See also, Jovijo, Inc. v. United Food and Commercial Workers Union, Local 23, 641 F. Supp. 690 (W.D. Pa. 1986). Pursuant to the Arbitrator's findings, the Association admits that PA Cyber provides online education to students across the Commonwealth of Pennsylvania and its most recent charter was issued by the Pennsylvania Department of Education on June 30, 2010. (Compl., Ex. A, p. 3) All other averments and inferences are denied.

       8.      Admitted in part and denied in part. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. Pursuant to the Arbitrator's findings, the Association admits that PA Cyber is a school of choice and student enrollment fluctuates throughout the year. All other averments and inferences are denied.

       9.      Admitted in part and denied in part. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. Pursuant to the Arbitrator's findings, the Association admits that PA Cyber monitors its enrollment figures. All over averments and inferences are denied.

## THE COLLECTIVE BARGAINING AGREEMENT

      10.     Admitted. (Compl., Ex. A, p. 4; Ex. B, p. 1)

      11.     Admitted. (Compl., Ex. A, p. 4; Ex. B, p. 19)

12.     Denied as stated. The parties' collective bargaining agreement with a term of July 1, 2014 through June 30, 2018 ("CBA") is a written document that speaks for itself. Inferences and characterizations pertaining to that document are denied.

13.     Denied as stated. The CBA is a written document that speaks for itself. Inferences and characterizations pertaining to that document are denied.

14.     Denied as stated. The CBA is a written document that speaks for itself. Inferences and characterizations pertaining to that document are denied.

## THE REDUCTION IN FORCE

15.     Admitted in part and denied in part. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. Pursuant to the Arbitrator's findings, the Association admits that PA Cyber furloughed seven (7) bargaining unit members. All other averments and inferences are denied. Furthermore, the averment that PA Cyber conducted a reduction in force pursuant to the management rights clause of the CBA constitutes a conclusion of law to which no response is required. To the extent an additional response is required, the Association denies that the furloughs were conducted pursuant to the management rights clause. Rather, the furloughs were conducted in violation of Article III, Section A of the CBA. (Compl., Ex. A, p. 18)

16.     Admitted in part and denied in part. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. Pursuant to the Arbitrator's findings, the Association admits that PA Cyber had provided monthly billing information as reflected on page 7 of the Award, which is a written document that speaks for itself.

(Compl., Ex. A, p. 7). Furthermore, the Arbitrator concluded that a review of the monthly billing data reflected a decline in average monthly enrollment from the 2012-2013 school year to the 2013-2014 school year and again from the 2013-2014 school year to the 2014-2015 school year. (Compl., Ex. A, p. 15)  By way of further response, the Arbitrator further concluded that in the months preceding the furloughs, PA Cyber's enrollment data reflected an increase in enrollment with a "significant" increase in approved and pending applications for admission. (Compl., Ex. A, p. 15)  All other averments and inferences are denied.

17.   Admitted in part and denied in part.  Under the essence test standard of review, the Arbitrator serves as the final finder of fact.  United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128.  Pursuant to the Arbitrator's findings, the Association admits that PA Cyber cited its enrollment projections for the 2015-2016 school year as justification for the furloughs.  By way of further response, the Arbitrator concluded that PA Cyber's conclusion that enrollment would decline for the 2015-2016 school year was "speculative at best" and PA Cyber's enrollment actually had increased from the 2014-2015 school year to the 2015-2016 school year. (Compl., Ex. A, pp. 8, 15)  All other averments and inferences are denied.

18.   Admitted in part and denied in part.  Under the essence test standard of review, the Arbitrator serves as the final finder of fact.  United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128.  Pursuant to the Arbitrator's findings, the Association admits that local school districts pay for students to attend PA Cyber on a per-student basis. (Compl., Ex. A, p. 3)  All other averments and inferences are denied.

19. Admitted in part and denied in part. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. Pursuant to the Arbitrator's findings, the Association admits that PA Cyber sent furlough letters to the seven (7) affected bargaining unit members on August 20, 2015 and Exhibit C contains true and correct copies of those letters. The averment that the furloughs were "permitted by the CBA" is a conclusion of law to which no response is required. To the extent an additional response is required, the Association denies that the furloughs were permissible. To the contrary, the furloughs were conducted in violation of Article III, Section A of the CBA. (Compl., Ex. A, p. 18) All other averments and inferences are denied.

20. Admitted. (Compl., Ex. A, p. 5)

21. Denied. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. The Arbitrator concluded that based on the evidence taken as a whole, PA Cyber's enrollment increased from the 2014-2015 school year to the 2015-2016 school year and PA Cyber's reduction in force was not justified by a decline in enrollment. (Compl., Ex. A, pp. 8, 15)

22. Admitted in part and denied as stated in part. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. Pursuant to the Arbitrator's findings, the Association admits that throughout its existence, PA Cyber has subcontracted a variety of services, including marketing, facilities maintenance, and special education services. (Compl., Ex. A, pp. 6, 16) By way of further response, the subcontracts

included other services that fell squarely within the job duties of virtual classroom teachers, namely the development of curriculum for virtual classroom courses and live one-on-one tutoring. (Compl., Ex. A, pp. 5-7, 17)  The Association agrees that PA Cyber did not terminate any of those services before furloughing seven (7) bargaining unit members.  (Compl., Ex. A., pp. 5-6)  The averment that PA Cyber "did not subcontract for any full- or part-time regular VC teaching positions" is denied as stated.  While full or part-time virtual classroom teachers never were employed through a subcontractor, duties of the virtual classroom teachers, including curriculum writing and tutoring, were subcontracted before and after the furloughs were effectuated.  (Compl., Ex. A., p. 17)

      23.     Admitted.  (Compl., Ex. A, p. 1)

      24.     Admitted.  (Compl., Ex. A, p. 1)

      25.     Admitted.  (Compl., Ex. A, p. 1)

## THE ARBITRATION DECISION AND AWARD

      26.     Admitted.  (Compl., Ex. A, p. 1)

      27.     Denied.  Under the essence test standard of review, the Arbitrator serves as the final finder of fact.  United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128.  The Arbitrator found that the evidence adduced at the hearing did not support PA Cyber's claims that a decline in enrollment justifying its actions existed at the time of the furloughs.  (Compl., Ex. A, pp. 15-16)  Moreover, the Arbitrator thoughtfully reviewed the enrollment figures presented by the parties, as well as evidence of normal enrollment fluctuations that PA Cyber traditionally experienced throughout the year, and concluded that "By initiating the furloughs at the year's typical lowest point, it

effectively capitalized on normal enrollment fluctuations in order to justify the action taken." (Compl., Ex. A, p. 15)

28. Denied. This paragraph contains conclusions of law to which no response is required. To the extent an additional response is required, in the Award, the Arbitrator interpreted language from Article III of the CBA regarding "decline in enrollment" and applied it to the evidence presented to her. She concluded that, in relying on enrollment figures from "the year's typical lowest point," PA Cyber failed to demonstrate a decline in enrollment as that term is used in the CBA. (Compl., Ex. A, p. 15) The Arbitrator's interpretation and application of Article III of the CBA was well-reasoned, thoughtful, and consistent with the Arbitrator's authority under Article I, Section H of the CBA. The Award was rationally derived from the CBA, Article III, and therefore, may not be disturbed by a court on appeal. United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960); W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. 757, 766 (1983); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128; Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d 155, 160 (3d Cir. 2013).

29. Denied. The Award enforces the bargained-for protections in the CBA by reiterating that PA Cyber may not furlough members of the Association's bargaining unit while subcontracted services remain in place. (Compl., Ex. B, p. 8) The Award does not mandate that PA Cyber terminate any of its contracts; nor does the Award prevent PA Cyber from reducing its workforce. In this regard, the Award enforces language that impacts PA Cyber's ability to furlough one group of its employees – members of the Association's bargaining unit – when subcontracted services remain in place. The Arbitrator's interpretation and application of Article

III of the CBA was well-reasoned, thoughtful, and rationally derived from the CBA, Article III. United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960); W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 766; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128; Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d at 160.

30. Denied as stated. Under the essence test standard of review, the Arbitrator serves as the final finder of fact. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 37-38; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128. While PA Cyber's contracts with LLS and TutaPoint are not contracts for "full-time VC teaching positions," those contracts involve the subcontracting of responsibilities that fall squarely within the job description and duties of the virtual classroom teachers in the Association's bargaining unit. (Compl., Ex. A, pp. 5-7, 17)

31. Denied. This paragraph contains conclusions of law to which no response is required. To the extent an additional response is required, the Award does not mandate that PA Cyber terminate or violate any of its service contracts or otherwise engage in any violation of law. To the contrary, the Award requires that PA Cyber comply with its contract with the Association – the CBA. The Arbitrator's interpretation and application of Article III of the CBA was well-reasoned, thoughtful, and rationally derived from the CBA, Article III. United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960); W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 766; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128; Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d at 160.

32. Denied. This paragraph contains conclusions of law to which no response is required. To the extent an additional response is required, the essence test standard governs this Court's review of the Award. United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960); W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 766. Pursuant to that standard, the Award is rationally derived from the CBA, viewed in the light of its language, its context, and any other indicia of the parties' intention, and it should not be disturbed. Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128; Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d at 160. The dispute, regarding the interpretation and application of language set forth in Article III of the CBA, was well within the Arbitrator's jurisdiction and authority to resolve disputes arising under the CBA. (Compl., Ex. B, p. 4) Moreover, the Award recognizes that by the express terms of the CBA, PA Cyber's right to control the size of its workforce is subject to and limited by the furlough protections set forth in Article III. (Compl., Ex. B, p. 18)

33. Denied. This paragraph contains conclusions of law to which no response is required. To the extent an additional response is required, the Award does not violate any well-defined, dominant public policy, ascertainable through reference to laws and legal precedents. W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 766. Nothing in the Award requires PA Cyber to breach contracts, shut down operations, or hire unnecessary teachers. Rather, the Award requires PA Cyber to reinstate seven (7) virtual classroom teachers who were furloughed in violation of the CBA. (Compl., Ex. A, p. 17) In this regard, the Award promotes the strong public policies in favor of

orderly labor relations and efficient resolution of disputes that arise among parties to a collective bargaining agreement.  29 U.S.C. § 151; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128.

34. Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent an additional response is required, the essence test standard governs this Court's review of the Award.  United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960); W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 766.  Pursuant to that standard, the Award is rationally derived from the CBA, viewed in the light of its language, its context, and any other indicia of the parties' intention, and it should not be disturbed.  Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128; Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d at 160.  The dispute, regarding the interpretation and application of language set forth in Article III of the CBA, was well within the Arbitrator's authority to resolve disputes arising under the CBA.  (Compl., Ex. B, p. 4)  The Arbitrator did not impose her own brand of justice; rather, she imposed the terms of the CBA on the parties pursuant to a procedure that was mutually negotiated.

## COUNT 1:  SECTION 301 OF THE LMRA

35. This paragraph constitutes an incorporation of previous paragraphs and does not require a response.  To the extent an additional response is required, the Association admits and denies all averments in the incorporated paragraphs as referenced *infra*, ¶¶ 1-34.

36. Admitted.

37. Denied as stated.  This paragraph contains conclusions of law to which no response is required.  To the extent an additional response is required, the essence test standard governs this Court's review of the Award.  United Steelworkers of Am. v. Enterprise Wheel and Car Corp.,

363 U.S. 593 (1960); W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 766.  Pursuant to that standard, the Award is rationally derived from the CBA, viewed in the light of its language, its context, and any other indicia of the parties' intention, and it should not be disturbed.  Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128; Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d at 160.  It is only when an arbitrator wholly fails to interpret and apply the collective bargaining agreement, in effect dispensing his or her own brand of industrial justice, that a court may decline to enforce the award.  Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (per curiam); Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d at 160.

38.     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent an additional response is required, the Award is rationally derived from the CBA, does not violate an explicit public policy, and should not be disturbed.  United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960); W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 766.

## COUNTERCLAIM
### COUNT 1:  ENFORCEMENT OF THE ARBITRATION AWARD UNDER SECTION 301 OF THE LMRA

39.     The Association hereby incorporates its answers in paragraphs 1 through 38 above by reference as if fully set forth herein.

40. This is an action to enforce an arbitration award. This action is brought pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, *et seq*.

41. The Association and PA Cyber agreed to the terms of the collective bargaining agreement attached to PA Cyber's Complaint as Exhibit B ("CBA"). Consistent with federal labor policy, the Association and PA Cyber agreed to a grievance procedure for all disputes arising under the CBA. The grievance procedure, which is contained in Article I, Section H of the CBA, contains a multi-step procedure culminating in arbitration. Article I, Section H(4) of the CBA provides, in pertinent part: "The decision of the Arbitrator shall be final and binding upon the parties." (Compl., Ex. B, p. 4)

42. The issue presented for the Arbitrator in the grievance was whether PA Cyber violated the CBA in furloughing seven (7) bargaining members effective on August 17, 2015. (Compl., Ex. A, p. 2) At the arbitration hearing, PA Cyber was represented by competent labor counsel. Both PA Cyber and the Association were afforded the full and fair opportunity to present the testimony of witnesses and other evidence and to cross-examine the other party's witnesses. (Compl., Ex. A, p. 2) The parties agreed that the grievance was procedurally proper before the Arbitrator for a final and binding determination. Each party filed a detailed post-hearing brief setting forth its position to the Arbitrator. (Compl., Ex. A, p. 2)

43. Following the close of the record and the submission of post-hearing briefs, the Arbitrator issued her Opinion and Award ("Award"). In the Award, the Arbitrator set forth a detailed recitation of the testimony and exhibits that were presented to her. The Arbitrator then set forth in detail the arguments advanced by each party in support of its position, as presented at

the arbitration hearing and through the post-hearing briefs. The Arbitrator then proceeded to a determination of the issue presented to her.

44. The Arbitrator concluded that PA Cyber violated the CBA in furloughing seven (7) virtual classroom teachers effective August 17, 2015. (Compl., Ex. A, p. 17) The Arbitrator found that "[a]t the time of the furloughs, PA Cyber did not possess sufficient evidence to establish a decline in enrollment sufficient to warrant the reduction in force." (Compl., Ex. A, p. 17) In reaching that conclusion, the Arbitrator noted that PA Cyber's conclusion regarding a decline in enrollment was "speculative" because it did not have the full data for the 2015-2016 school year, that it's consideration of budgetary constraints was not in accordance with the language of the CBA, and that it failed to terminate subcontracted services for duties performed by virtual classroom teachers. (Compl., Ex. A, p. 17) Based on her findings and the totality of the circumstances, the Arbitrator concluded the seven (7) furloughed teachers were entitled to reinstatement and to be made whole for all losses sustained as a result of the improper furloughs. (Compl., Ex. A, p. 18)

45. The Award rationally derives its essence from the provisions of the CBA. The Arbitrator was charged with deciding whether the furloughs complied with the CBA, and the Arbitrator discharged that responsibility.

46. For over sixty years, federal labor law has favored the resolution of labor disputes through arbitration. The Federal courts repeatedly have held that where the parties to a collective bargaining agreement agree to accept an arbitrator's decision as final and binding, the factual and legal conclusions reached by the arbitrator in rendering that decision generally are insulated from review by the courts. The purpose of this long-standing, well-established Federal policy is to encourage the peaceful resolution of labor disputes and to avoid industrial strife and labor unrest.

47. The Court, on appeal, does not have the authority to overrule the Arbitrator's findings of fact and interpretation of the CBA. Rather, because the parties have contracted to have disputes settled by an arbitrator chosen by them, rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract they have agreed to accept. See, United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987).

48. The United States Supreme Court has long held that a court must exercise a very limited scope of review of an arbitrator's award and must uphold the award so long as it draws its essence from the collective bargaining agreement. United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593 (1960). See also, United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. at 36; United Steelworkers of Am. v. American Mfg. Co., 363 U.S. 564, 567-568 (1960); United Steelworkers of Am. v. Warrior and Gulf Navigation Co., 363 U.S. 574 (1960). So long as the arbitrator's award can "in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention," it should not be disturbed by a reviewing court. Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128; Akers Nat'l Roll Co. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, 712 F.3d at 160.

49. Here, the Award draws its essence from, and is rationally derived from, the CBA. Specifically, the Arbitrator made factual findings based on the record presented to her by the parties, rationally interpreted the reduction in force provision of the CBA, and concluded that PA Cyber violated Article III of the CBA when it furloughed members of the Association's bargaining unit.

50. The Association and PA Cyber bargained for the Arbitrator's interpretation of the CBA and resolution of their dispute and agreed that such interpretation and resolution would be

"final and binding" on the parties. (Compl., Ex. B, p. 4). Accordingly, this Court may not second-guess the Arbitrator's interpretation, "regardless of what [its] view might be of the correctness." W.R. Grace and Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am., 461 U.S. at 765.

51. The Award, directing reinstatement of seven (7) bargaining unit members who were furloughed in violation of the express language of the CBA, does not violate an explicit and dominant public policy as reflected in any laws or legal precedents. In fact, the Award promotes the strong public policies in favor of orderly labor relations and efficient resolution of disputes that arise among parties to a collective bargaining agreement. 29 U.S.C. § 151; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d at 1128.

52. Section 301 of the LMRA authorizes this Court to confirm and enforce the Award. 29 U.S.C. § 185(a). See, e.g., Local 863 Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am. v. Jersey Coast Egg Producers, Inc., 773 F.2d 530 (3d Cir. 1985), cert. denied, 475 U.S. 1085 (1986).

53. Inasmuch as the Award rationally derives its essence from the terms of the CBA and in view of the parties' contractual agreement that the Arbitrator's decision would be final and binding upon them, the Award must be enforced.

WHEREFORE, the Defendant, the Pennsylvania Cyber School Education Association, PSEA/NEA, respectfully requests this Honorable Court to enter a judgment in its favor and against PA Cyber enforcing the Opinion and Award of Arbitrator Jane Desimone dated October 31, 2016, with an appropriate Order directing PA Cyber to comply with the terms of the Award, and with an award of reasonable attorneys' fees and costs to the Association, as well as such other relief as may be appropriate.

Respectfully submitted,

By:   /s/ Leslie D. Kitsko
Leslie D. Kitsko, Esquire
PA 83052

Pennsylvania State Education Association
3033 New Butler Road
New Castle, PA 16101
Phone: 724-924-1025
Fax: 724-924-1030
lkitsko@psea.org

Counsel for the Defendant,
Pennsylvania Cyber School Education Association, PSEA/NEA

17